UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,

      Plaintiff,                            Case No. 03-72073

vs.

                                    HONORABLE PATRICK J. DUGGAN
WILLIAM OVERTON, *et al*,             HONORABLE STEVEN D. PEPE

      Defendants.
_____/

## ORDER

Plaintiff Robert Boles is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") proceeding *pro se*. He filed a complaint raising claims under 42 U.S.C. § 1983 alleging violations of the First and Fourteenth Amendments by Defendants Wheeler and Powell.

This District Court issued a Memorandum Opinion and Order Granting Partial Summary Judgment on December 1, 2004, finding that Plaintiff had not exhausted his administrative remedies regarding his claim that Defendant Wheeler retaliated against him by refusing him access to the law library (Dkt. # 30, p. 4). Plaintiff filed a motion to amend on April 29, 2005, requesting that he be allowed to add his newly exhausted claim regarding the allegation that Defendant Wheeler retaliated against him by refusing him access to the law library (Dkt. # 51). Plaintiff also filed a motion for costs and sanctions regarding Defendants' alleged failure to comply with the Court's March 29, 2005, discovery order (Dkt. #52).

For the following reasons, it is ORDERED that: Plaintiff's motion for costs and sanctions (Dkt. #52) is DENIED; and Plaintiff's motion to amend (Dkt. # 51) is GRANTED.

In his original complaint Plaintiff alleged that Defendant Wheeler refused to allow him to access the law library during the period from July 16, 2002, to October 3, 2002, in retaliation for his filing a grievance against her (Dkt. #1, attached Preliminary Statement p. 25). Plaintiff's claim that Defendant Wheeler had denied him access to the law library starting on July 16, 2002, was dismissed by this Court on September 30, 2004, because it had not been exhausted. Plaintiff has submitted evidence that this claim has now gone through the three steps of MDOC grievance process, starting in December 2004 and ending in April 2005. His grievance has been denied as untimely by MDOC (Exhibit A). Plaintiff filed his motion for leave to amend his complaint on April 29, 2005, requesting that this claim be re-added and relate back to the original pleading.

This claim arose out of the same conduct, transaction or occurrence set forth in Plaintiff's original complaint which is necessary for an added claim to relate back. *Mayle v. Felix,* 125 S.Ct. 2562, 2570 (U.S.,2005); FED. R. CIV. P. 15(c)) Yet, the appropriate statute of limitations for §1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir.2005). Plaintiff's April 29, 2005, motion to amend was filed with this Court and served on Defendants prior to the running of the three year statute of limitations on any alleged constitutional tort occurring between July 16, 2002, and October 3, 2002. Plaintiff's motion is GRANTED and the complaint shall be amended to include the newly exhausted claim as of the date of the motion requesting such was filed, thus there is no need to consider the relation back issue further.

Because discovery has closed, either party shall be given an opportunity to demonstrate if any additional discovery may be needed related to this retaliation claim. Each party should file a list of needed discovery within 14 days of this order, and an anticipated time period for

2

completing it.  A telephonic hearing and status conference will be scheduled on this discovery if deemed appropriate and an amended scheduling order issued if additional discovery is sought.

Plaintiff has requested sanctions for Defendants' alleged failure to comply with the Court's March 29, 2005, order to produce the July 2002 first shift duty roster and list of prisoners in 7C for June 9, 2002, (Plaintiff's Motion, Dkt. # 52, p. 2).  Plaintiff explains in his motion that he was allowed to review the records, but that Defendants refused to provide him with a photocopy for his records.  Defendants respond that, although they do not believe there is any legal support for Plaintiff's contention that he should have been allowed to have a photocopy of the documents, they have agreed to provide the photocopy to Plaintiff as of the date of their response, April 11, 2005, at his cost, $.25/page.  Because Plaintiff was not denied access to the information he sought and because the Defendants are now willing to provide a copy of the requested records, Plaintiff's motion for sanctions is DENIED.

So Ordered.


Dated: September 14, 2005                               s/Steven D. Pepe
Ann Arbor, Michigan                                     United States Magistrate Judge



Certificate of Service

I hereby certify that copies of this Order were served upon the parties of record by electronic means or U. S. mail on September 14, 2005.

                                                    s/William J. Barkholz
                                                    Courtroom Deputy Clerk