UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE BOLES,

      Plaintiff,

v.                                  Case No. 03-72073
                                     Honorable Patrick J. Duggan

WILLIAM OVERTON, et al.,

      Defendants.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 18, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Plaintiff, a pro se prisoner, filed this civil rights action pursuant to 42 U.S.C.

§ 1983 on May 28, 2003, against Defendants Ellen Campbell, Lucille Evans, Alan

Greason, Clarence Powell, Sherry Wheeler, and William Overton.  On July 15, 2003,

Plaintiff filed a first amended complaint against the same defendants, except Defendant

Overton, asserting violations of his First and Fourteenth Amendment rights.  On

September 30, 2004, this Court issued an Opinion and Order in which it *inter alia*

dismissed Plaintiff's claim alleging that Defendant Wheeler retaliated against him by

refusing him access to the law library, as Plaintiff failed to exhaust his administrative

remedies with respect to that claim.  Plaintiff subsequently exhausted his administrative

1

remedies and, on April 29, 2005, filed a motion to amend his complaint in order to re-state his retaliation claim against Defendant Wheeler.  The Court referred this motion to Magistrate Judge Steven D. Pepe.

On September 14, 2005, Magistrate Judge Pepe issued an Order granting Plaintiff's motion to amend his complaint.  On September 22, 2005, Defendants filed objections to Magistrate Judge Pepe's Order, contending that it was error to allow Plaintiff to amend his complaint to add a claim previously dismissed for failure to exhaust administrative remedies.

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard of review this Court must apply when objections are filed with respect to a magistrate judge's ruling on nondispositive matters.  Pursuant to this rule, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  FED. R. CIV. P.  72(a).  As this Court finds Magistrate Judge Pepe's ruling to be contrary to the law in this Circuit, the Court will vacate the Order and Deny Plaintiff's motion to amend his complaint.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all internal administrative remedies prior to filing a civil rights lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a).  The Sixth Circuit requires inmates to attach to their complaints evidence establishing their exhaustion of administrative remedies.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  A prisoner's failure to demonstrate

2

exhaustion of internal remedies is grounds for automatic dismissal. *Id*. Dismissal without prejudice is required even if the time for filing the required administrative grievance has expired. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997).

As exhaustion of internal remedies is a *precondition to filing* an action in federal court, the Sixth Circuit has held that a prisoner cannot satisfy Section 1997e by exhausting administrative remedies during the pendency of the federal suit. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)(dismissing prisoner's federal complaint because it was filed before the prisoner allowed the administrative process to be completed). For the same reason, the Sixth Circuit Court of Appeals has held that prisoners may not amend their Section 1983 complaints to establish exhaustion. *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002). In *Baxter*, the Court of Appeals considered whether a prisoner filing a Section 1983 action and failing to allege in his initial complaint that he exhausted his administrative remedies prior to filing his complaint should be permitted to amend his complaint to allege exhaustion and satisfy Section § 1997e. The court held that, even when a prisoner in fact exhausted his internal remedies prior to filing suit, "[the] prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies, if his action is covered by the PLRA." *Id.* at 488. The Court reasoned that allowing a prisoner to amend his complaint to allege exhaustion where exhaustion had been insufficiently asserted in the original complaint "would undermine[] PLRA's screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id.* at 489.

3

To permit Plaintiff to amend his complaint to add a claim which was not exhausted at the time of the filing of the original complaint and which in fact was dismissed from the original complaint because of the failure to exhaust would, in this Court's opinion, be contrary to the Sixth Circuit case law discussed above. The Court does not believe that this case is distinguishable from *Baxter* because Plaintiff waited until *after* his claim was dismissed to exhaust his internal grievances and to seek to amend his complaint to add the now exhausted claim. A contrary holding would allow prisoners to evade the PLRA's exhaustion requirements and Sixth Circuit law simply by waiting until their unexhausted claims are dismissed to properly allege exhaustion in an amended complaint.

Prisoners have long been aware of the requirement that they must exhaust their administrative remedies before they can present their claims in a federal lawsuit. In this case, when Plaintiff received a copy of Defendant's motion to dismiss and for summary judgment in September 2003, he was aware that Defendant sought summary judgment based on Plaintiff's failure to exhaust his administrative remedy with respect to the claim now at issue. Plaintiff also became aware that this Court agreed with Defendant when the Court issued its opinion and order on September 30, 2004, dismissing that claim. Yet Plaintiff did not even begin to exhaust his claim with respect to the "law library" grievance until December 5, 2004. *See* Pl.'s Mot. at 3.

Accordingly,

**IT IS ORDERED**, that Magistrate Judge Pepe's Order dated September 14, 2005, is **VACATED** and Plaintiff's motion to amend his complaint is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Robert Lee Boles
#156632
Ionia Maximum Correctional Facility
1576 Bluewater Highway
Ionia, MI 48846

Linda M. Olivieri, Esq.

Magistrate Judge Steven D. Pepe