UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,

      Plaintiff,

v.                                           Case No. 03-72073
                                           Honorable Patrick J. Duggan

CLARENCE POWELL and
SHERRY WHEELER,

      Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 15, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

      Plaintiff, a pro se prisoner, filed this action pursuant to 42 U.S.C. § 1983 on May 28, 2003, against various defendants. Only Plaintiff's claims against Defendants Clarence Powell and Sherry Wheeler remain. Plaintiff asserts that Powell violated his Fourteenth Amendment due process rights by denying him a post-deprivation hearing regarding mail rejected on May 23, 2002. Plaintiff asserts that Wheeler violated his First Amendment rights by retaliating against him in response to a grievance Plaintiff filed against her. On April 27, 2005, Defendants filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment

1

pursuant to Rule 56(b). On May 3, 2005, Defendants filed a second motion to dismiss based on the Sixth Circuit's decision in *Bey v. Johnson*, 407 F.3d 801 (2005). The Court has referred all pretrial matters in this case to Magistrate Judge Steven D. Pepe.

On September 30, 2005, Magistrate Judge Pepe issued a Report and Recommendation ("R&R") with respect to Defendants' motions to dismiss or for summary judgment. Magistrate Judge Pepe recommended that this Court deny the motions. Defendants filed objections to the R&R on October 11, 2005. The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

### **Objection #1**

Defendants object to Magistrate Judge Pepe's conclusion that Plaintiff's remaining claims should not be dismissed pursuant to *Bey v. Johnson*. In *Bey*, the Sixth Circuit adopted the "total exhaustion rule" with respect to claims subject to the Prison Litigation Reform Act, thereby requiring district courts to dismiss without prejudice all claims in a complaint containing both exhausted and non-exhausted claims. *Bey*, 407 F.3d at 805. If the Sixth Circuit had adopted the "total exhaustion rule" before this Court dismissed some of Plaintiff's claims for failure to exhaust his administrative remedies, this Court agrees that it would have been required to dismiss the entire complaint without prejudice. While the rule in *Bey* may apply retroactively to this case, the Court agrees with Magistrate Judge Pepe that applying the rule at this time does not require dismissal as the pending complaint no longer contains any unexhausted claims.

2

**Objection #2**

Defendants next object to Magistrate Judge Pepe's holding that Wheeler is not entitled to summary judgment with respect to Plaintiff's claim that she retaliated against him in violation of his First Amendment rights by issuing a false misconduct ticket. Asserting that Plaintiff lacks evidence of a concrete and particularized injury as a result of Wheeler's conduct, Defendants contend that Plaintiff lacks standing and that he cannot demonstrate the elements of his retaliation claim against her. Additionally, because Plaintiff subsequently filed a grievance against Wheeler, Defendants claim Plaintiff is not able to show that he was chilled in the exercise of his First Amendment rights as a result of her conduct.

In order to establish a First Amendment retaliation claim, a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action. *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004)(citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)(en banc)). "In order for the retaliation to be actionable, it must be 'capable of deterring *a person of ordinary fitness* from exercising his or her right[s].'" *Id.* (emphasis added)(quoting *Thaddeus-X*, 175 F.3d at 398).

In *Scott*, the prisoner claimed that Michigan correctional personnel retaliated against him for filing grievances. As to one of the defendants, Philip Bair, the prisoner claimed that the officer retaliated against him by filing a false misconduct report. In ruling on Bair's motion for qualified immunity, the Sixth Circuit held that *Cale v.*

3

*Johnson*, 861 F.2d 943 (6th Cir. 1988), clearly established "that the mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation." *Id*. at 571-72.  As the court explained: "that [the defendant] did not do a particularly good job of framing [the plaintiff] does not make his actions any less culpable, and events outside of his control (i.e., the hearing officer's ultimate determination) do not vitiate the 'danger of further loss of liberty' to which [the defendant] subjected [the plaintiff]." *Id*. at 572.

Although the above statements were made by the Sixth Circuit in addressing qualified immunity, the court made similar observations when it reversed the district court's grant of summary judgment with respect to the merits of the prisoner's claim against Bair.  *Scott v. Churchill*, No. 97-2061, 2000 WL 519148 (6th Cir. April 6, 2000)(unpublished opinion).  Finding a genuine issue of material fact with respect to the prisoner's First Amendment retaliation claim, the court stated: "Although certain threats or deprivations are so minor that they do not rise to the level of being constitutional violations, solely egregious retaliatory acts alone may be sufficient to defeat a motion for summary judgment."  *Id*. at *2 (citing *Thaddeus-X*, 175 F.3d at 398).  Based on the Sixth Circuit's opinions in *Scott*, the Court agrees with Magistrate Judge Pepe that Plaintiff's claim does not fail because Wheeler's misconduct ticket ultimately was dismissed.

Based on *Scott*, the Court also agrees with Magistrate Judge Pepe that Plaintiff's retaliation claim does not fail simply because *he* was not deterred from exercising his First Amendment rights.  Additionally, the Court concludes that Plaintiff has standing to

4

assert his retaliation claim because he alleges a cognizable injury– i.e. a violation of his First Amendment rights. "Retaliation for the exercise of constitutional rights is itself a violation of the Constitution." *Thaddeus-X*, 175 F.3d at 394. Finally, Plaintiff's claims are not subject to dismissal simply because he may not be able to demonstrate any actual damages as a result of Wheeler's conduct. As the Sixth Circuit has noted, a plaintiff may be able to recover nominal damages for violations of his or her constitutional rights even if there is no evidence of a physical injury:

> [A]fter *Carey v. Piphus*, 435 U.S. 247, 266 98 S. Ct. 1042, 1053 (1978), where the Court held that a plaintiff was entitled to at least nominal damages for violation of his constitutional rights, the question of whether there has been a constitutional violation should not be considered dependent on whether actual damages have occurred.

*Martin v. Kelley*, 803 F.2d 236, 238 n.3 (6th Cir. 1986)(citations omitted); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004)(noting that nominal damages, punitive damages, and injunctive and declaratory relief may be available under the PLRA even to a prisoner who does not sustain a physical injury); *Rowe v. Shake*, 196 F.3d 788, 781-82 (7th Cir. 1999)(holding that "[a] prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained"); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998)(same). In one unpublished opinion, the Sixth Circuit allowed a prisoner's First Amendment retaliation claim to proceed while holding that most of the prisoner's other claims were precluded by the physical injury requirement of 42 U.S.C. § 1997e(e). *Williams v. Ollis*, 2000 WL

1434459, *2 (6th Cir. Sept. 18, 2000)(unpublished opinion)(citing *Canell*, 143 F.3d at 1213).

**Objection #3**

Defendants object to Magistrate Judge Pepe's denial of summary judgment with respect to Plaintiff's claim against Powell because (1) Plaintiff ultimately received the contested mail; (2) Plaintiff ultimately received a hearing; and (3) Plaintiff alleges no concrete damages as a result of any delay in receiving his mail.

To comply with due process, prison mail censorship regulations must afford "minimal procedural safeguards," including an opportunity to protest a rejection of mail to someone other than the individual who originally made the decision. *Martin*, 803 F.2d at 241 (citing *Procunier v. Martinez*, 416 U.S. 396, 418-19, 94 S. Ct. 1800, 1814 (1974)). Due process does not only require an opportunity to be heard, but an opportunity to be heard "at a meaningful time and in a meaningful manner." *Parratt v. Taylor*, 451 U.S. 527, 540, 101 S. Ct. 1908, 1915 (1981)(citing *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct 1187, 1191 (1965)). Providing mail to a prisoner more than one year after the mail originally was rejected and granting the prisoner a post-deprivation hearing almost three years after the rejection does not, in this Court's view, comport with due process. Moreover, Plaintiff's ultimate receipt of his legal mail and post-deprivation hearing does not, in this Court's opinion, negate any entitlement to damages that he may be due as a result of the alleged violation of his due process rights. For the reasons stated previously, the Court does not believe that Plaintiff must demonstrate that he suffered a physical

injury or actual damages to proceed with his due process claim. Thus the Court agrees with Magistrate Judge Pepe that Plaintiff's claim against Powell should not be summarily dismissed.

Accordingly,

**IT IS ORDERED**, that Defendants' Rule 12(b) motion for dismissal or alternatively Rule 56(b) motion for summary judgment, filed April 27, 2005, is **DENIED**;

**IT IS FURTHER ORDERED**, that defendants' motion to dismiss, filed May 3, 2005, is **DENIED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Robert Lee Boles
#156632
Ionia Maximum Correctional Facility
1576 West Bluewater Highway
Ionia, MI 48846

Linda M. Olivieri, Esq.