UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,

        Plaintiff,                              Case No. 03-72073

    vs.

                                           HONORABLE PATRICK J. DUGGAN
CLARENCE POWELL,                     HONORABLE STEVEN D. PEPE
and SHERRY WHEELER

        Defendants.
_____/

**ORDER**

Plaintiff Robert Boles is a prisoner in the custody of the Michigan Department of Corrections (MDOC) proceeding *pro se*. He filed a complaint raising claims under 42 U.S.C. §1983 alleging violations of the First and Fourteenth Amendments by Defendants Sherry Wheeler and Clarence Powell.

Plaintiff asserts that Powell violated his Fourteenth Amendment due process rights by denying him of a post-deprivation hearing regarding mail rejected on May 23, 2002. Plaintiff asserts that Wheeler violated his First Amendment rights by retaliating against him in response to a grievance Plaintiff filed against her. All other claims and defendants have been dismissed including Plaintiff's First Amendment claim regarding interference with his legal mail.

All pretrial proceedings have been referred to the undersigned pursuant to 28 U.S.C. 636 (B)(1)(b). At the January 19, 2006, status conference Plaintiff requested that Defendants authenticate two documents before trial. The undersigned asked that the documents be submitted so that a determination could be made as to the relevance and possible redundancy of

the documents (when compared to MDOC's policy relating to the relevant issue) before ruling on Plaintiff's request for authentication.

Plaintiff has submitted two documents: an October 24, 2002, letter from Michigan Assistant Attorney General A. Peter Govorchin sent to Sandra Girard of MDOC Prison Legal Services and a October 24, 2002, email from MDOC Administrator Richard Stapleton to "Wardens" (the Documents)(Exhibit 1). The documents address the issue of whether prisoners may receive legal documents in the mail when another prisoner, but not the recipient, is a party to the action at issue in the mailing. MDOC Policy Directive 04.07.112 states that a prisoner may possess "legal property", as defined in the directive, such as documents necessary to their pending litigation or documents pertaining to another prisoner's pending litigation if there is a valid agreement for legal assistance between the prisoners. While the Documents are clearly relevant to a First Amendment claim regarding interference with legal mail, such claims against other defendants have been dismissed. It seems the Documents are presently being proffered by Plaintiff as potentially relevant to the issue of his being denied his hearing by Defendant Powell in May 23, 2002, and thereafter at which time MDOC Policy Directive 04.07.112 or the directives in the Documents might have been applied to determine if Plaintiff was entitled to this mail.

The Documents clarify or expand the definition of "legal property" and indicate that prisoners may receive motions, briefs, pleadings and similar legal documents pertaining to a legal matter in which another prisoner is a party, even if such is mailed by another prisoner where no legal assistance agreement exists between the two. Mr. Stapleton asks the wardens to advise mail room staff that legal property "cannot be rejected solely on the basis that another

prisoner is identified as a party ....  even if there is no authorized legal assistance agreement .... There must be other clear proof that the documents violate Department policy."

The Documents are not redundant because the Documents involve the expansion or clarification of MDOC Policy Directive 04.07.112.  Issues surrounding whether the Documents are relevant and/or admissible involve questions concerning hearsay and possible exceptions concerning notice.  While these October 2002 documents were created well after the May 23, 2002, mail denial, Plaintiff alleges that he was not provided his requested hearing on the receipt of the mail through and well after October 2002.  Thus, they appear relevant concerning defendant Powell's knowledge of substantive grounds upon which Plaintiff's claims might prevail and thus the importance of his right to a hearing.

While Plaintiff's Fourteenth Amendment due process rights against Defendant Powell for denying him a post-deprivation hearing regarding mail rejected on May 23, 2002, depend solely on the legal standards entitling Plaintiff to such a right to a hearing, Defendant Powell's subjective knowledge of Plaintiff's constitutional right and any asserted intentional violation of that right is relevant to damages.  These issues are more complex than the question of whether these documents were cumulative of any MDOC Policy Directive and whether they are authentic – they are what they purport to be.  Involved are issues of whether the Documents involve hearsay or are excepted from that rule as directives or orders, and also whether and when Defendant Powell ever saw them and had knowledge of the legal standards for rejection of mail and hearings related thereto.

This matter is being set for trial and it is likely that Plaintiff will not be able to present his legal arguments adequately without professional legal assistance given the intricacies and evidentiary complexities of a trial.  Therefore, the undersigned will consider Plaintiff's January

3, 2005, motion for assignment of *pro bono* counsel a continuing request, which shall be granted if no objection is received on or before April 27. If granted, a request for *pro bono* counsel will be processed through the proper channels, and Plaintiff will be notified when *pro bono* counsel has been assigned. The trial schedule will be set accordingly.

In the interim, Defendant Powell shall review the Documents and, on or before April 27, submit an answer as to (a.) whether he stipulates to authenticity of either or both Documents and, if he does wish to challenge the authenticity of either document, state the legal grounds therefore, and (b.) whether, and if so when, he received or saw a copy of the either or both documents or was otherwise informed of the content of the message contained therein.

Further, pursuant to the request of Judge Patrick J. Duggan, the parties are to determine whether they wish to consent to trial jurisdiction under 28 U.S.C. 636(c) by Magistrate Judge Steven Pepe. If all the parties consent to the exercise of jurisdiction, the attached Consent Form must be completed and returned to the CLERK OF THE COURT.

SO ORDERED.


Dated: April 13, 2006                                  s/Steven D. Pepe
Ann Arbor, Michigan                                    United States Magistrate Judge


Certificate of Service

I hereby certify that a copy of this Order was served upon Robert Boles by U. S. mail and Linda Olivieri electronically on April 13, 2006.

s/William J. Barkholz
Courtroom Deputy Clerk