UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,

      Plaintiff,

v.                                        Case No. 03-72073
                                         Honorable Patrick J. Duggan

WILLIAM OVERTON, et al.,

      Defendants.
_____/

## OPINION AND ORDER
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 5, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff, a pro se prisoner, filed this action pursuant to 42 U.S.C. § 1983 on May 28, 2003, against various defendants. Only Plaintiff's claims against Defendants Clarence Powell and Sherry Wheeler remain. Plaintiff asserts that Powell violated his Fourteenth Amendment due process rights by denying him a post-deprivation hearing regarding mail rejected on May 23, 2002. Plaintiff asserts that Wheeler violated his First Amendment rights by retaliating against him in response to a grievance Plaintiff filed against her.

Defendants previously filed a motion to dismiss pursuant to the Sixth Circuit's adoption of the "total exhaustion" rule in *Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

1

This Court, upon the recommendation of Magistrate Judge Steven D. Pepe, denied Defendants' motion. *See* 11/15/05 Op. and Order. The Court reasoned that Plaintiff's complaint, at the time *Bey* was decided, contained only exhausted claims.[1] On April 5, 2006, Defendants filed another motion to dismiss for failure to exhaust based on the Sixth Circuit's subsequent decision in *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006). On April 14, 2006, Magistrate Judge Pepe issued a Report and Recommendation (R&R) recommending the denial of Defendants' motion. Defendants filed objections to the R&R on April 27, 2006, arguing that *Rinard* is analogous to the pending matter and requires dismissal of Plaintiff's remaining claims. The parts of the R&R to which objections are made will be reviewed by this Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

This Court agrees with Magistrate Judge Pepe that *Rinard* does not alter the Court's previous holding that *Bey* does not apply to Plaintiff's complaint because, at the time *Bey* was decided, the complaint only contained exhausted claims. In *Rinard*, the district court dismissed the plaintiff's complaint because he only exhausted his administrative remedies with regard to four of the eight named defendants. 440 F.3d at 362. Thus in *Rinard*, when the complaint was dismissed, it constituted a "mixed" complaint. As set forth above, Plaintiff's complaint no longer contained unexhausted claims when Defendants filed their motion to dismiss pursuant to *Bey*.

---

[1] The Court previously had granted summary judgment with respect to Plaintiff's unexhausted claims.

Moreover, the Court notes that the Sixth Circuit recently issued a decision rejecting *Bey*'s total exhaustion rule. *Spencer v. Bouchard*, – F.3d – , 2006 WL 1528876, at *4 (6th Cir. June 6, 2006). In *Spencer*, the Sixth Circuit held that published decisions prior to *Bey* adopted a partial-exhaustion rule and, because a later panel cannot overrule a prior panel's published opinion, *Bey*'s total exhaustion rule is not the rule of this circuit. *Id*. (citing *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999) and *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003));  *see also Bell v. Konteh*, – F.3d –, 2006 WL 1651662, at *3 n.5 (6th Cir. June 16, 2006)(following *Spencer* and concluding that the court is bound to follow the partial-exhaustion rule set forth in *Hartsfield* and *Burton*). The partial-exhaustion rule does not require the dismissal of a prisoner's lawsuit which contains exhausted and unexhausted claims.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, filed April 5, 2006, is **DENIED**.

                                                   PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Robert Lee Boles, #156632
Ionia Maximum Correctional Facility
1576 West Bluewater Highway
Ionia, MI 48846

Linda M. Olivieri, Esq.